UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DANTANA TANKSLEY,**
**INSTITUTIONAL ID NO. 02305140,**

  Petitioner,

v.                                              No. 4:25-cv-0346-P

**DIRECTOR, TDCJ-CID,**

  Respondent.

## OPINION AND ORDER

Before the Court is the petition of Dantana Tanksley under 28 U.S.C. § 2254. Having considered the petition, the response, the reply, the record, and applicable authorities, the Court concludes that the petition must be **DISMISSED.**

### BACKGROUND

Petitioner is serving a sentence of 25 years' imprisonment following his conviction for engaging in organized criminal activity under Case No. 1444533R in the 396th District Court, Tarrant County, Texas. ECF No. 9-1, Ex. A at 5. The judgment was entered August 19, 2016. *Id.* Petitioner did not appeal. ECF No. 1 at 3.

On July 27, 2022, Petitioner filed a state habeas application. ECF No. 9-1, Ex. A at 8. On March 1, 2023, the Court of Criminal Appeals of Texas ("CCA") denied the application without written order on the findings of the trial court without hearing and on the Court's independent review of the record. *Id.*, Ex. C. On September 26, 2024, Petitioner filed a motion for reconsideration, *id.*, Ex. D, which was denied on October 23, 2024. *Id.*, Ex. E.

On March 26, 2025, Petitioner signed his federal habeas petition. ECF No. 1 at 10.

## GROUNDS OF THE PETITION

Petitioner urges three grounds in support of his petition. He defines them as ineffective assistance of counsel, "abuse of discretion due process equal protection violations by trial court," and "structural error/judicial interference." ECF No. 1 at 6–7.

## STATUTE OF LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th

Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his

3

allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## ANALYSIS

As Petitioner's judgment was entered August 19, 2016, and he did not appeal, the judgment became final when the time for filing an appeal expired on September 19, 2016. (As the State notes, the thirtieth day was a Sunday so the deadline was extended.) Limitations was not tolled by the filing of Petitioner's state habeas petition because it was not timely filed. *Scott*, 227 F.3d at 263. His federal petition was due September 19, 2017.

Petitioner recognizes that the petition is not timely. In the "timeliness of petition" section of the form petition, he simply refers to the three grounds he raises. ECF No. 1 at 9. In his reply, Petitioner addresses the doctrine of laches, which does not apply here. ECF No. 12. None of his arguments support application of equitable tolling. All of the facts giving rise to the petition were known to Petitioner at the time he entered his plea agreement. Petitioner does not allege that he was prevented in any way from timely filing his petition. He is not entitled to tolling.

The Court notes that even had the petition been timely filed, it appears that Petitioner would not be able to overcome his solemn declarations made at the time of his plea. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The plea agreement provided that Petitioner waived any right he might have for further time to prepare for trial or do any further investigation. ECF No. 9-1, Ex. A at 16. He waived his right to pursue pretrial motions. *Id.* And, he stated that he was totally satisfied with the representation given him by his attorney. *Id.* The trial court determined that the plea was intelligently, freely, and voluntarily entered. *Id.* at 18. His plea agreement is entitled to a presumption of regularity and carries great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

Further, as the State notes, Petitioner's claims would be procedurally barred. ECF No. 9 at 10–12.

4

## CONCLUSION

For the reasons discussed, the petition is **DISMISSED** as untimely.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **3rd day of September 2025.**

*[signature: Mark T. Pittman]*

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE